DUKE et ux. v. TRABUE. (No. 1515.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 25, 1915.)

1. LIS PENDENS ☞26 — PARTIES ☞40 — PURCHASERS—INTERVENTION.

The purchase of a cause of action during the pendency of a suit does not vest the purchaser with the right to intervene, though he has

the right to have the cause proceed in the name of his assignor; the judgment rendered inuring to the benefit of the purchaser.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 58–62; Dec. Dig. ☞26; Parties, Cent. Dig. §§ 60–63, 65–67; Dec. Dig. ☞40.]

2. APPEAL AND ERROR ☞79—REVIEW—"FINAL JUDGMENT."

Action was originally brought in justice court, and appealed by defendants to the county court, where a different plaintiff appeared, and judgment was rendered in his favor without disposing of the original plaintiff. *Held* that, though the second plaintiff was an assignee of the cause of action, yet the judgment, not having disposed of the original plaintiff, was not final, and so an appeal therefrom will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. ☞79.

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

Appeal from Panola County Court; Geo. Harkrider, Judge.

Action by R. E. Trabue against C. B. Duke and wife; begun in justice court, and appealed by defendants to the county court. There R. C. Trabue appeared as plaintiff. From a judgment in his favor, defendants again appeal. Appeal dismissed.

Frank Lawson and H. N. Nelson, both of Carthage, for appellants. P. P. Long, of Carthage, for appellee.

HODGES, J. This appeal is from a judgment rendered in the county court of Panola county in favor of R. C. Trabue against Mrs. C. B. Duke. The record shows that the suit was originally instituted in the justice court by R. E. Trabue, as plaintiff, against C. B. Duke and his wife on a promissory note executed by Mrs. Duke alone, payable to the Guaranty State Bank of Carthage, Tex. In that court the plaintiff, R. E. Trabue, recovered a judgment against "the defendant" (singular) for the amount of the note, interest, and the attorney's fee. That judgment was rendered on January 31, 1913. On the 3d day of February following Duke and wife filed an appeal bond payable to R. E. Trabue. In the county court R. C. Trabue, admittedly a different party, appears as the plaintiff. The recital of the pleadings in the county court shows that R. C. Trabue, as the plaintiff, pleaded an ordinary promissory note for $162.52, with interest and attorney's fees, signed by Mrs. Duke, dated June 29, 1912, due on the 1st day of the following October, and payable to the Guaranty State Bank of Carthage, Tex., or order; that the note bore the following indorsement: "Pay to R. E. Trabue. [Signed] Guaranty State Bank." C. B. Duke pleaded that he never executed the note and was in no way liable for its payment. Mrs. C. B. Duke pleaded that she was a married woman living with her husband at the time she executed the note, and for that reason it was void as against her. By way of reply to this plea of coverture the then plain-

tiff, R. C. Trabue, alleged that the note was executed by Mrs. C. B. Duke for and in payment of an account for $162.52 due to R. E. Trabue from Mrs. C. B. Duke for lumber and other merchandise furnished her before her marriage with her present husband. It was further alleged that R. E. Trabue was declared a bankrupt, and that he (the plaintiff R. C. Trabue) bought the note from the trustee in bankruptcy, and, as the note had been accepted by R. E. Trabue in payment of the account, he (the plaintiff) sued for the amount of the account, which was $162.52. To this plea exceptions were filed by Mrs. C. B. Duke, which were overruled by the court. The case was submitted on special issues, and upon the findings of the jury a judgment was rendered in the county court in favor of R. C. Trabue for the amount of the original debt. No mention of R. E. Trabue, the original plaintiff, was made in the judgment.

[1, 2] It is suggested in the briefs of counsel for the appellant that after the appeal to the county court R. C. Trabue intervened and prosecuted the suit in his own name. Conceding that to be true, we are of the opinion that all of the parties before the court were not disposed of, and that no final judgment has been entered in the case from which an appeal will lie to this court. R. E. Trabue was the sole original plaintiff, and had recovered a judgment in the justice court. If during the pendency of the suit his interest was assigned to R. C. Trabue, the latter had the right to have the cause proceed in the name of R. E. Trabue, and the judgment rendered would inure to his benefit as the assignee. Smith v. Olsen, 92 Tex. 181, 46 S. W. 631. The purchase of a cause of action during the pendency of a suit thereon does not vest the purchaser with a right to intervene. Sherrod v. Terrell, 97 Tex. 97, 76 S. W. 442; Hearne v. Erhard, 33 Tex. 61. But, assuming that he does, that proceeding alone does not ipso facto displace the original plaintiff. The latter may deny the truth of what the intervener alleges. But, whether he admits or denies those facts, there is a new issue presented for the court to determine. The judgment is not final till the original plaintiff's claim is disposed of. Jackson v. Coombs, 65 S. W. 385; Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903; Patton v. Bender, 103 S. W. 690.

The appeal will be dismissed.