## FIDELITY UNION LIFE INS. CO. v. GILBERT.

### No. 3233.

Court of Civil Appeals of Texas. El Paso.

June 27, 1935.

Rehearing Denied Sept. 12, 1935.

Wm. T. Whitehurst and Whitehurst & Whitehurst, all of Dallas, for appellant.

T. N. Roach, Jr., of Commerce, for appellee.

WALTHALL, Justice.

Appellee, J. C. Gilbert, brought this suit to restrain the Fidelity Union Fire Insurance Company, a corporation, and the Fidelity Union Life Insurance Company, a corporation, from making sale, under a deed of trust, of 38 acres of land situated in Hopkins county, and fully described in his petition. The facts, as here stated, are undisputed and show the following: On the 1st day of November, 1924, W. M. McGown executed and delivered to the Texas Realty Mortgage Company of Dallas, Tex., three promissory notes of $100 each, one promissory note for $800; the three $100 notes were payable, respectively, in one, two, and three years after date, and the $800 note was payable on the 1st day of November, 1932; each of the four notes bore interest from date until maturity at the rate of 7½ per cent. per annum; after maturity each of the notes bore interest at the rate of 10 per cent. per annum. The notes each have an accelerating clause providing failure to pay the note or any of said coupons when due, or to comply with any of the conditions of the deed of trust, at the option of the holder of the note, matures the note and

all notes in the series. The note provided for attorney collection fees of 10 per cent. of principal and interest on default of payment at maturity.

On the 1st day of November, 1924 (the day of the execution of the four notes), W. M. McGown and wife executed a deed of trust on the 38 acres of land to secure the payment of said four notes. The deed of trust is in the usual form of such instruments; it conveys the 38 acres of land to the named trustee to secure the payment of the four notes; it provides for foreclosure on failure to pay and provides, substantially as in the notes, for acceleration in event of failure to comply with any payment of the notes, or other condition in the deed; it provides for appointment of a substitute trustee.

At the same time and as a part of the same transaction W. M. McGown gave to the Texas Realty Mortgage Company a note for $105 payable in eight installments and due, respectively, one installment in each year thereafter without interest before maturity and after due until paid interest at the rate of 10 per cent. per annum, and provides for attorney fees; this note is secured by a second deed of trust on the same 38 acres of land as the other four notes and is similar in its provisions to the other or first deed of trust. The two deeds of trust were duly acknowledged and recorded during the month of execution.

On the 20th day of November, 1924, the Texas Realty Mortgage Company, without recourse, transferred said first four notes to the defendant Fidelity Union Fire Insurance Company, that is, the three $100 notes and the $800 note, and assigned to said purchasing company its deed of trust lien given to secure said notes. That assignment was duly acknowledged and recorded on May 23, 1930.

On the 20th day of May, 1930, the Fidelity Union Fire Insurance Company, reciting that it was the owner and holder of the three $100 notes and the $800 note, without recourse, assigned and conveyed said notes and the deed of trust lien to Fidelity Union Life Insurance Company. That assignment was duly acknowledged and filed for record on July 5, 1930.

The evidence of McGown shows, without stating the dates of payment, that he (McGown) paid to the Texas Realty Mortgage Company the three $100 notes and interest, and paid the $105 note and interest, and $50 on the $800 note. He testified that he made such payments to the Texas Realty Mortgage Company without notice that said company was not the then holder of said notes.

The evidence shows that the above payments had been made, and the only controversy is whether McGown made the payments or whether J. C. Gilbert made some of the payments.

On the 14th day of May, 1934, McGown and wife conveyed the 38 acres of land to J. C. Gilbert, by warranty deed. The consideration recited is $10 and "other valuable consideration, and subject to the legal indebtedness existing thereon, which indebtedness the grantee does not assume or agree to pay, but is assigned all the rights and equities of said grantor to the said land and the liens existing thereon, according strictly to the recorded instruments now on file." That deed was duly acknowledged, and recorded on May 21, 1934.

The record shows that the Fidelity Union Life Insurance Company was the owner and holder of the $800 note and the first deed of trust lien on the 38 acres of land at the time of the suit.

Just prior to the bringing of this suit, the Fidelity Union Life Insurance Company had taken some steps to foreclose the deed of trust lien on the 38 acres of land.

There is other evidence and we will refer to it, if necessary, in discussing the propositions.

The case was tried to the court without a jury. The trial court did not file findings of fact.

J. C. Gilbert brought this suit on June 29, 1934, to restrain the sale of said 38 acres of land under the deed of trust, asserting that said deed of trust was given to secure usurious notes. He asked that all interest paid be credited upon the unpaid indebtedness; that he be allowed to pay the amount found to be due; the notes and deed of trust be canceled and removed as a cloud upon the title of the 38 acres of land; and that the injunction prayed for be made final. Plaintiff dismissed as to McGown.

The Fidelity Union Fire Insurance Company answered by general denial. The Fidelity Union Life Insurance Company answered that it was the owner of the $800 note, less the $50 credit; denied that the

contract was usurious; pleaded pertinent clauses in the notes and deed of trust; answered that payments of interest were made more than two years ago and are barred by two-year limitations; answered that payments made to the Texas Realty Mortgage Company form no basis of recovery on the plea of usury; by cross-action pleaded the ownership of the $800 note and deed of trust lien on the $800 note; that plaintiff J. C. Gilbert was not a party to the original contracts, had paid no interest to defendant, and could not claim usury.

The court entered judgment to the effect the contract between McGown and the Texas Realty Mortgage Company in the sum of $1,100 and the two deeds of trust securing same were usurious and void as to interest; that there had been paid $829.50 as interest, and $350 as principal, which interest the court applied to the original loan and reduced the indebtedness owing by plaintiff to $120; made the temporary injunction permanent; granted an order of sale of the 38 acres of land in favor of the Fidelity Union Life Insurance Company, to the extent of $120.

The Fidelity Union Life Insurance Company prosecutes this appeal.

### Opinion.

Appellant presents several propositions. We think, however, to consider one question, viz.: Do the facts show that J. C. Gilbert, the appellee, should avoid the payment of the unpaid balance of the $800 note, on the ground that the original transaction between McGown and the Texas Realty Mortgage Company was usurious?

We regard the making of the several notes and two deeds of trust as one transaction.

It is unquestioned that the transaction of the making of the five notes, charged to be usurious, and the deeds of trust to secure them, was between W. M. McGown and the Texas Realty Mortgage Company. It is also unquestioned that McGown paid all of the interest that was paid to the Texas Realty Mortgage Company, save and except a small amount which appellant, Gilbert, said he paid, and as to that McGown testified that Gilbert advanced the amount but that he (McGown) paid it. However that may be, the transaction of making the notes and the deeds of trust to secure the payment of the notes was between McGown and the Texas Realty Mortgage Company. Neither appellee Gilbert nor appellant Fidelity Union Life Insurance Company was a party to the transaction, either directly or indirectly, to the making of the notes or any one of them. If Gilbert paid any part of the principal or interest, it was a voluntary payment, as he did not assume to pay any of the notes or interest, and the deed from McGown to him expressly relieves him from any personal liability on the indebtedness (note) on the property. But had Gilbert assumed to pay the notes, assuming that the notes were usurious (which we do not decide), he would not be in a position to plead usury. In the case of Cordell v. Lincoln National Life Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 474, this court considered the identical question presented here. We refer to that case and the authorities there cited.

In Van Meter v. American Life Ins. Co. (Tex. Civ. App.) 78 S.W.(2d) 251, 253, the Amarillo court said: "The law is settled in Texas that where a party as part consideration for the purchase of real estate agrees to pay a prior obligation, he is estopped to plead usury," and referred to many cases as so holding, including the case from this court above referred to.

Other interesting questions are presented by the record, but we need not discuss them.

The case is reversed, and the judgment set aside. We here enter judgment for appellant on its cross-action establishing and foreclosing its lien upon the 38 acres of land for the balance due upon said note, to wit, the sum of $750 principal, with interest thereon from November 1, 1932, as provided in said note, together with 10 per cent. as attorney fees, on the amount as provided in said note.