**WEATHERFORD et al. v. NATIONAL LIFE INS. CO. et al.**

No. 11958.

Court of Civil Appeals of Texas. Dallas.

April 11, 1936.

Rehearing Denied May 23, 1936.

See, also, 78 S.W.(2d) 992.

McCraw & Clark, of Dallas, and Everett L. Looney, of Austin, for appellants.

Read, Lowrance & Bates, of Dallas, for appellees.

BOND, Justice.

National Life Insurance Company, claiming to be the owner of a note assigned to it by the Deming Investment Company and secured by a deed of trust on lands and premises alleged to be owned and possessed by the defendants W. Weatherford and Tom B. Owens, instituted this suit against Weatherford, Owens, the Deming Investment Company, and R. W. Franklin to establish its debt and foreclose its mort-

gage lien. No personal judgment was sought against either of the defendants.

The record shows that, on August 15, 1922, C. T. Vinson and wife, Velie Vinson, executed to the Deming Investment Company a note for the principal sum of $50,000 due January, 1, 1933, bearing interest at the rate of 7 per cent. per annum, with 10 per cent. on the principal and interest after maturity, and 10 per cent. attorney's fees; also a deed of trust on lands and premises then belonging to the Vinsons to secure said note and indebtedness. The deed of trust provides, among other things not material here, for the exercise of acceleration of maturity of the principal note, on default of payment of any interest or taxes on the land when due; in which event the note and all past-due interest shall bear 10 per cent. interest until paid.

Simultaneously with the execution of the above note and deed of trust, C. T. Vinson also executed to the Deming Investment Company a series of eleven notes, aggregating the sum of $5,166.65, payable on January 1st of each year, commencing January 1, 1923; the first note being in the sum of $166.65, and the remaining 10 notes being each in the sum of $500; and executed a second deed of trust on the lands and premises to secure said notes. This deed of trust provides that: "The notes secured by this deed of trust * * * represent the earned commission which the party of the first part (Vinson and wife) agrees to pay the third party (The Deming Investment Company) for the negotiation of said loan ($50,000), regardless of any payment on the first lien note prior to its maturity."

Before the execution of the above notes and deed of trust, C. T. Vinson, on June 30, 1922, signed a written application to the Deming Investment Company for the $50,000 loan, in which is recited: "I do hereby appoint The Deming Investment Company, of Oswego, Kansas, my attorney, irrevocable, for me, in my name, place and stead, to procure this loan from any person, firm or corporation; principal and interest payable at such place as the lender may direct; my said attorney is hereby authorized by me to receive for me from the lender the avails of this loan and to receive and transmit for me my funds for the payment of interest or of principal on said loan as it may from any

cause from time to time become due and payable."

In connection with the above application, C. T. Vinson executed a loan contract, in which is recited: "To compensate you (The Deming Investment Company) for the services rendered and the expenses incurred in having said land inspected, having plat and inspector's report prepared, and the title examined, preparing the papers in connection with said loan, and in negotiating said loan, I agree to pay to you or your successors or assigns, the sum of $——— and to secure the payment of same by executing second lien notes with a deed of trust on said land for the following amounts and to fall due as stated: [Here follows the notes aggregating $5,166.65.] I recognize that in undertaking the services here invoked you are acting in the capacity of a broker and not otherwise and that you are not making the loan, but only undertaking to place the same with some investor, but in order to hasten the closing of the loan I agree to execute all papers running in favor of your Company as soon as they shall be presented to us for that purpose," etc.

On August 23, 1922, Vinson and wife executed to one E. K. Atwood 10 notes aggregating the sum of $100,000 and another deed of trust on the same lands and premises above mentioned, which were afterwards, on January 6, 1923, assigned to the defendant R. W. Franklin "for the use and benefit of W. Weatherford and Tom B. Owens," and subordinating the indebtedness and lien to the $50,000 loan and the $5,166.65 commission notes, respectively; and on January 15, 1934, Franklin executed a written assignment of the notes and deed of trust to the defendants Weatherford and Owens without recourse and without warranty.

On August 1, 1928, Vinson and wife conveyed the lands and premises, described in the aforesaid deeds of trust, to W. Weatherford and Tom B. Owens, for a recited consideration of $2,500 paid and secured to be paid, and other valuable considerations; and further recited that the grantees took the land subject to the first lien indebtedness of $50,000, which had theretofore been assigned to the National Life Insurance Company, and the $5,166.65 commission notes, owned by the Deming Investment Company, took possession of the lands and premises under the deed, and thereafter, until January 1, 1933, Weatherford and Owens voluntarily paid the interest on the $50,000 loan to the assignee, National Life Insurance Company.

In answer to the plaintiff's petition, the defendants Weatherford and Owens sought to avail themselves of the defense of usury in the original transaction between Vinson and the Deming Investment Company, alleging the issue that the eleven notes, aggregating the sum of $5,166.65, and the interest provisions in the $50,000 note, both payable to the Deming Investment Company, was compensation for the use and detention of the money loaned; thus the acceleration maturity provisions in the principal note and deeds of trust authorize the holder or holders of said notes and indebtedness to exact of the makers and their privies more than 10 per cent interest on the money loaned.

In replication to the usury defense, the plaintiff denied generally the charge of usury, and specially challenged, by pleas of estoppel, that the right to urge such defense was not available to the defendants Weatherford and Owens on the ground: First, by their purchase of the 10 promissory notes, above mentioned, aggregating $100,000, secured by a deed of trust on the mortgaged property, of date August 23, 1922, executed by Vinson and wife, in which is recited the first mortgage note of $50,000 and the second lien commission notes of $5,166.65 are acknowledged to be the first liens on the property, and expressly subordinating the $100,000 notes and the transfer thereof to the payment of said liens; second, by their acceptance of a deed to the mortgaged property from the Vinsons, dated August 1, 1928, in which is recited that the defendants took the property subject to the first lien indebtedness of $50,000 and the commission notes of $5,166.65; and thereafter paid to the plaintiff, voluntarily, each year until January 1, 1932, all interest which had accrued on the $50,000 loan, without asserting that the transaction between the Vinsons and the Deming Investment Company was tainted with usury.

The record shows that this suit was filed on May 6, 1933, and on May 8, 1933, the plaintiff filed and had recorded lis pendens notice thereof in the office of the county clerk of Kaufman county, Tex., in which county the land was situated. On June 11, 1934, with leave of the court,

C. T. Vinson and Velie Vinson filed plea of intervention, alleging that they are the owners in fee simple of the lands and premises on which plaintiff seeks a foreclosure of its lien, in that, on the 9th day of June, 1934, the defendants Weatherford and Owens, by an instrument in writing, rescinded and canceled the deed dated August 1, 1928, thereby conveying the mortgaged property back to said interveners, and reinvesting title to said lands and premises in them "as of August 1, 1928, just as if the deed had never been made or delivered." Furthermore, the interveners adopted the pleadings and cross-action of the defendants Weatherford and Owens, where not inconsistent with their plea of intervention, and sought to interpose against the plaintiff the defense of usury, in the same manner as was pleaded by said defendants.

On June 15, 1934, the plaintiff filed a motion to strike out the plea of intervention filed by the Vinsons, alleging as grounds therefor that the plaintiff, in its suit, seeks no relief against the interveners, but merely to establish the amount of its debt and foreclosure of its lien on the mortgaged property as to the defendants; that the interveners acquired whatever interest they may have in the mortgaged property during the pendency of the suit, and subsequent to the filing and recording of the lis pendens notice in the office of the county clerk of Kaufman county, Tex.; and that the intervention is interposed for the use and benefit of the defendants Weatherford and Owens, by said defendants' attorneys, to delay the trial of the cause, to complicate the issues existing in fact and law between the plaintiff and the defendants, and to confer on the interveners rights which could not be asserted by the defendants.

The motion of the plaintiff to strike the interveners' plea of intervention was passed by the court without order; and, at the succeeding term of court, September 18, 1934, with leave, plaintiff amended its motion; and, on evidence adduced, the trial court sustained the motion, dismissing the intervention from the suit. The cause was then submitted to a jury, and, at the conclusion of the testimony, the trial court peremptorily instructed a verdict for the plaintiff and against the defendants Weatherford and Owens, and in favor of the defendants, the Deming Investment Company and R. W. Franklin; accordingly, judgment was entered.

The defendants Weatherford and Owens and the interveners, C. T. Vinson and wife, Velie Vinson, alone have duly perfected an appeal. For convenience, the parties will be designated as in the trial court, National Life Insurance Company, appellee, being the plaintiff; W. Weatherford and Tom B. Owens, appellants, being the defendants; and C. T. Vinson and Velie Vinson, appellants, being the interveners.

The contention of the defendants and interveners in effect is that the loan transaction between Vinson and wife and the Deming Investment Company is a usurious transaction; and, being such, the defense of usury to plaintiff's cause of action is open to the interveners, parties to the usurious contract, and alike to the defendants who purchased the mortgaged property subject to the debt.

It will be assumed, for the purpose here, that the loan transaction between the Vinsons and the Deming Investment Company was originally usurious; or, at least, the evidence raises an issue of its usurious character for a determination by a jury. So we will inquire first whether, under the facts and circumstances, the defendants Weatherford and Owens are estopped to raise the issue in defense of plaintiff's suit seeking to establish the amount of its debt and for a foreclosure of the deed of trust on the mortgaged property.

The facts, as above related, in our opinion, show that the defendants have purged the erstwhile usurious contract of all penalties which might have been urged against it. In the deed from Vinson and wife to the defendants, the $50,000 note and the $5,166.65 notes, executed to the Deming Investment Company, were a part of the consideration for the lands and premises therein conveyed; thus, by said deed, the defendants have received an abatement in the price of the property to an amount of the usurious notes. The deed, in effect, conveys to the grantees (the defendants) lands to the value of the indebtedness, cleansing the transaction of usury; therefore they are estopped to exact from the holder a further allowance on account of the usurious vice in the indebtedness, for which they received land.

The defendants took the land from the Vinsons subject to the indebtedness, and

should not now be allowed to complain of the notes' invalidity. "It is generally held that one who buys land subject to an existing mortgage, and who therefore obtains an abatement of the purchase price equal to the amount due on the mortgage, cannot attack the mortgage on the ground of usury." 27 R.C.L. § 91, p. 289. See, also, Bookhout et al. v. McGeorge (Tex.Civ.App.) 65 S.W.(2d) 512; Volunteer State Life Insurance Company v. Robinson (Tex. Civ.App.) 74 S.W.(2d) 188; Kansas City Life Insurance Company v. Hudson (Tex. Civ.App.) 71 S.W.(2d) 574; Van Meter v. American Central Life Insurance Co. (Tex.Civ.App.) 78 S.W.(2d) 251; Fidelity Union Life Insurance Co. v. Gilbert (Tex. Civ.App.) 85 S.W.(2d) 998; Nordyke et al. v. Missouri Valley College et al. (Tex. Civ.App.) 82 S.W.(2d) 703; McMullan et ux. v. San Antonio Joint Stock Land Bank (Tex.Civ.App.) 78 S.W.(2d) 669.

■ We think, when a borrower sells his interest in mortgaged property for the payment of a usurious debt, subject to that debt, it would not be consonant with either justice or reason to allow the purchaser to set up for his own advantage, defeat, or impair the debt consideration and take the land free from a burden, as was understood it should bear at the time he acquired it. The statute against usury is designed to give protection to the borrower, and not to afford to a stranger the right to speculate and profit on a violation of law. If the purchaser of the property assumed the payment of the mortgage, or takes the property "subject to" the mortgage, in either case, he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity. Clark v. Scott (Tex.Civ.App.) 212 S.W. 728 (writ refused).

■ The recitals in the deed from the Vinsons to the defendants, obligating the purchasers to take the mortgaged property subject to the existing indebtedness, is contractual in its nature; therefore it inures to the benefit of the mortgagee, and it cannot be rescinded without the consent of the mortgagee, after such has been accepted by it. Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L.R.A.(N.S.) 672; Mathonican v. Scott, 87 Tex. 396, 28 S.W. 1063. The grantees, Weatherford and Owens, in recognition of this obligation to the mortgagee, paid the interest accruing on the alleged usurious note from 1928 to 1932, and the mortgagee, National Life Insurance Company, accepted the interest payments for the time; and, further, on default in payment of interest for succeeding years, instituted this suit against the grantees, and not against the makers of the indebtedness, which unmistakably show an acceptance by the mortgagee of the contractual obligation of the grantees relative to the debt and security. Therefore the contract by the acceptance is irrevocable by the contracting parties, except by consent of the mortgagee. 10 Tex.Jur. § 280.

■ The defense of usury, as we conclude, not being available to the defendants, the next question is: Did the court err in sustaining plaintiff's amended motion striking out interveners' plea of intervention? Evidently the Vinsons were not necessary parties to the suit, no judgment was sought against them by the plaintiff, and no right privileged to them is affected by the suit. Their exclusion will not prejudice whatever interest they have in the subject-matter. Therefore, we think, they were neither necessary nor proper parties to the suit, and the trial court did not err in sustaining the motion.

Reverting to the record on the point, the interveners conveyed the mortgaged property to the defendants Weatherford and Owens, subject to the mortgage indebtedness; and, since the plaintiff elected to seek alone the right to establish its debt and foreclose its lien upon the property, neither suing the interveners nor seeking a personal judgment against them, the defendants, the interveners are not entitled, over plaintiff's objection, to make themselves parties, thereby injecting issues of fact and of law into the suit which are not available to the defendants and not raised by proper pleadings of the plaintiff or defendants. Furthermore, whatever interest the interveners may have in the suit is shown to have been acquired pendente lite, and after a lis pendens notice had been filed and recorded; therefore, if the interveners had been allowed to remain in the suit, we cannot see how any further right or defense to plaintiff's cause of action could have been afforded to them than was afforded to the defendants. They would have been compelled to take the suit as they found it; clearly, they were not entitled to intervene over the objection of the plaintiff. Sherrod v. Terrell, 97 Tex. 97, 76 S.W. 442; Hearne v. Erhard, 33 Tex. 60, 61; Duke v. Trabue (Tex.Civ.App.) 180 S.W. 910; Lee v. Salinas, 15 Tex. 495; 28 Tex.Jur. 342.

We have carefully considered all of appellants' further contentions not herein specifically mentioned; they are expressly overruled; and, from what has been said, the judgment of the lower court should be affirmed; accordingly, it is so ordered.

Affirmed.