**H.O. RICHEY, Appellant,**

v.

**STOP N GO MARKETS OF TEXAS, INC., Appellee.**

No. B14–82–074CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 24, 1982.

**506**

Charles L. Laswell, Laswell & Associates, Houston, for appellant.

C. Henry Kollenberg, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

Appellant brings this appeal from a take nothing judgment in his suit for damages arising from the removal of certain equipment from rental property he owned. Under three of his four points of error, styled "issues" in his brief, appellant complains of findings made by the trial court, and in a fourth point of error he challenges the trial court's award of attorney's fees to appellee in the event this court rules in appellant's favor on the first three issues. We affirm.

Appellant owned two properties located on Strawberry Street and Burke Street, respectively, in Pasadena, Texas which were leased to appellee under twenty (20) year lease agreements. Appellee used these locations to operate two neighborhood convenience grocery stores. However, due to unprofitable operations, appellee closed both stores. After closing the stores, appellee continued to pay the rents due on these properties and sought to find sublessees to occupy these premises. The lease agreements provided that lessee would obtain written consent from the lessor prior to making "structural alterations, material changes, or additions in or to the leased premises . . . ." Appellee found different tenants to sub-lease each of these properties and removed the walk-in coolers from each store location. In his third amended petition, appellant alleges that appellee requested permission to remove a walk-in cooler from the property located on Strawberry Street, and without his written consent, did so. He also alleges that appellee removed a similar walk-in cooler from the property located on Burke Street.

In his third point of error, appellant complains the trial court erred in finding he is not entitled to recover in the capacity in which he sued. Appellant instituted this lawsuit on April 14, 1977. The trial court found appellant conveyed, pendente lite, all

of his right and interest in the Strawberry Street property and the Burke Street property to Depew Properties, Inc. on July 19, 1979. Although the record shows he granted Depew the properties "together with all and singular the rights and appurtenances thereto ...," appellant contends he reserved his rights to this cause of action and could recover on his own behalf.

■ It is true that a voluntary conveyance by a plaintiff, made during the pendency of a suit, does not affect the suit, nor impair the plaintiff's right to recover, and such recovery, if any, generally inures to the plaintiff's grantee. *Lee v. Salinas,* 15 Tex. 495 (1855). In *Smith v. Olsen,* 92 Tex. 181, 46 S.W. 631 (1898) a trespass to try title case in which the plaintiff sold the land during the pendency of a suit, the court held:

> It is a well settled rule that where the interest of either party to a suit is purchased after its commencement, the purchaser stands in the shoes of the party whose title has been conveyed to him; and the alienation pendente lite does not affect the progress or determination of the litigation. If the party who has conveyed his interest succeeds in litigation, the judgment inures to the benefit of the grantee. Id. 46 S.W. at 632.

This case, however, presents a different question. While appellant amended his petition following sale of the property, he did not allege any damages suffered as a result of a reduction in the amount of money received for sale of the property nor did he attempt to recover for the benefit of the purchaser of the property. This was so even though appellee's answer contested appellant's legal capacity to recover damages. In the above cited cases the assignors pursued their cause of action on behalf of their respective assignees, not for themselves. Here appellant attempts to retain a cause of action arising from properties he conveyed to Depew contending it is personal to him. On the *narrow issue* presented, the trial court correctly found appellant unable to recover in the capacity in which he sued. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant contends the trial court erred in awarding appellee attorney's fees. The lease for each of the properties provides that in the event either party is required to resort to legal proceedings or to incur expenses of any kind in the enforcement of their rights under the lease, "the prevailing party shall be entitled to receive as damages, all reasonable attorney's fees and court costs...." Because the appellee prevailed in the trial court, the awarding of attorney's fees was proper.

Since appellant was not entitled to recover in the capacity in which he sued, we do not reach his other points of error.

The judgment is affirmed.

MURPHY, Justice, dissenting.

The majority holds that because Appellant did not allege any damages suffered as a result of a reduction in the amount of money received for the sale of the property or attempt to recover for the benefit of the purchaser of the property, there is support for the conclusion by the trial court that appellant was unable to recover in the capacity in which he sued. I disagree.

Appellant alleged in his third amended original petition that he was the owner and lessor of the property at all material times, and that the lease agreement was in full force and effect at all material times. Appellee's verified third amended original answer and counter-claim contained the allegation that "on or about July 19, 1979, [Appellant] conveyed all of its [sic] right and interest in the premises made the basis of the lawsuit. Thus [Appellant] has no interest at this time in this litigation and has not the legal capacity to recover for any damages alleged to have occurred." The statement of facts reveals the attorney for Appellee made the following statement: "Mr. Richey sold this property in 1979. It is our contention that at that time he divested himself of all interest in this lawsuit." The trial court's conclusion of law No. 4 states: "Plaintiff is not entitled to recover in the capacity in which it [sic] sued," the source

of which is Texas Rule of Civil Procedure 93(c).

Rule 93(b) and (c) are closely related, for both involve "capacity" in maintaining or defending a lawsuit. The court in *Conrad v. Artha Garza Co.,* 615 S.W.2d 238 (Tex. Civ.App.—Dallas 1981, no writ), interpreted the meaning of "capacity" in Tex.R.Civ.P. 93(b) and (c) to be "the *standing* of a party to assert or defend the action before the court. . . . 'Capacity' . . . does not relate to the merit of the cause of action or the merit of the defense thereto." *Id.* at 240. (Emphasis in original). Another case has defined standing as a "justiciable interest in the subject matter in litigation, either in [the plaintiff's] own right or in a representative capacity." *Cozad v. Roman,* 570 S.W.2d 558, 560 (Tex.Civ.App.—Corpus Christi 1978, no writ). The plaintiff in *Cozad* had filed suit to rescind a sales contract and deed entered into by her deceased mother. In finding that the plaintiff had no standing to maintain the lawsuit, the appellate court stated that her "petition plainly fails to allege any privity or interest in the contract she seeks to rescind. Neither does the petition allege that appellant has any interest in that portion of the land being sold. At most, appellant to show standing infers an expectation of future inheritance. This is not enough to create a justiciable interest." *Id.* at 561.

Appellant in his petition alleges ownership of the premises and the existence of leases with the Appellee at the time the cause of action arose. These allegations, therefore, were sufficient to establish his interest in the land and his right to recover in the capacity in which he sued, i.e., as the land owner and landlord when the cause of action arose. The issue of whether Appellant was entitled to recover damages is a separate matter, unrelated to the issue of capacity to recover, and the trial court properly addressed that issue in a separate conclusion of law.

The only conceivable support for the trial court's conclusion that Appellant was "not entitled to recover in the capacity in which it [sic] sued" is its finding of fact No. 16 that "on or about July 19, 1979, Plaintiff conveyed all of its [sic] right and interest in the Strawberry Street center and the Burke Street center."

The majority cites two trespass to try title cases, *Lee v. Salinas,* and *Smith v. Olsen,* apparently as authority to support their notion that Appellant should have pled he was attempting to recover damages for his grantee, DePew Properties, Inc. I have no quarrel with the general rule followed in those cases when applied to cases involving title to land. However, in the case at bar we are not dealing with title to land or even title to the walk-in cooler, which was not even on the premises when Appellant sold the property to DePew Properties, Inc.

The question in the case at bar is whether the conveyance of the title to the real property included an assignment of the preexisting cause of action.

Personal causes of action are not, by definition, interests involving title in land and therefore do not pass as incidents to a deed of conveyance without an express assignment. *See, Glenney v. Crane,* 352 S.W.2d 773, 777, 780 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.) (involving a cause of action for rescission of a deed on grounds of fraud). Similarly, a grantee's cause of action to reform his grantor's deed has been held to be personal to the grantee and not a covenant running with the land, and will not pass to a subsequent purchaser "without apt words of assignment." *Halbert v. Green,* 156 Tex. 223, 293 S.W.2d 848, 851 (1956). *See also, Roberts v. Northern Pacific Railroad Co.,* 158 U.S. 1, 10–11, 15 S.Ct. 756, 758, 39 L.Ed. 873 (1895) (the right to compensation for damages to land does not pass by a deed, even though not reserved, unless expressly conveyed).[1]

---

1. A Georgia appellate court, in *Dougherty County v. Pylant,* 122 S.E.2d 117 (Ga.App. 1961), has held that a chose in action involving property does not "run with the land" and therefore does not pass to a subsequent purchaser by deed in the absence of a specific assignment. 18 C.J. *Deeds* § 276 (1919) and 26 C.J.S. *Deeds* § 106d (1956) set forth the general

The language of the Tex.Rev.Civ.Stat. Ann. art. 6636 (Vernon 1969) concerning the transfer or sale of a cause of action after suit has been filed, is mandatory: it "shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit."

The Texas and U.S. Supreme Court cases previously cited, case law from other jurisdictions discussed in footnote 1, together with the pertinent Texas statute make it apparent that a pre-existing cause of action upon which suit has been filed cannot be conveyed without an express and written assignment, either in the deed or in a separate instrument. Here there was no express assignment of the cause of action. Therefore, the Appellant did not convey his cause of action for removal of the walk-in cooler when he sold the property and he has capacity to sue and/or he is entitled to recover in the capacity in which he sued.

rule that an absolute warranty deed from the vendor in a land contract will operate as an assignment of all his rights in the land. However, a right of action to recover damages to the land does not necessarily pass by conveyance of the land. 23 Am.Jur.2d *Deeds*, § 260, n. 8 (1965) states that "the right to damages for trespass or other injury to real estate previous to the conveyance thereof is assignable, but such right does not pass by a conveyance of the land in the absence of provision in the deed." The Oregon Supreme Court found in *In re Witherwill's Estate*, 178 Or. 253, 166 P.2d 129 (1946), that under the deed the grantee did not receive any right to damages for injury to the real property which had occurred before the conveyance. No claim for injury to the property was expressly assigned to the grantee, and the court observed that undoubtedly the price paid by the grantee was influenced to a large extent by the damaged condition in which he found the property at the time of its purchase. *Id.* 166 P.2d at 132.

In *Lancaster v. Connecticut Mutual Life Insurance Company*, 92 Mo. 460, 5 S.W. 23, 26 (1887), the property was sold after damages had accrued but before suit was commenced. It was held that even though the grantor had parted with control of the property, his right and power to collect the damages was unaffected by the sale in the absence of an assignment of damages to the purchaser or someone else.