## M. J. LEE v. T. SALINAS.

Whether the plea of alienage shall be allowed as against an alien friend, in an action to recover lands acquired by purchase, has not been decided by the Court. If it be allowed it would seem that it should be pleaded by way of abatement, as in disability of the person. But we do not intend to decide for or against the validity of the plea.

A voluntary conveyance by the plaintiff, made during the pendency of a suit to recover the land, does not affect the suit, nor impair the plaintiff's right to recover.

See this case as to voluntary alienation by either party, pending suit for the recovery of land; and also as to alienation by sale under execution.

Appeal from Bexar.

*J. Denison and Hewitt and Newton,* for appellant.   The alienage of the plaintiff can be taken advantage of under the general issue, (Hardy v. De Leon, 5 Tex. R. 211.)   The title was out of the plaintff at the time of the trial.   (Miller v. Alexander, 8 Tex. R. 32; McMullen v. Guest, 6 Id. 275 ; Carder v. McDermett, 12 Id. 546.

*I. A. & G. W. Paschal* and *Stribling,* for appellee.

HEMPHILL, CH. J.   This was a suit for the recovery of a house and lot in San Antonio.   The judgment was for the plaintiff.   The defendant assigned several grounds for reversal, but insisted only on two in the argument, viz :

1st. The alienage of the plaintiff deceased.

2nd. An outstanding title in a third person.

As to the first, there was proof that the plaintiff, Mrs. Salinas, who owned the property in her separate right, removed with her husband from San Antonio to Mexico in 1836, and

has resided in that Republic ever since.—But the fact of alienage was neither pleaded nor was it made a question below, either in instructions sought by defendant, or in the charge given by the Court, and it is too late to raise it for the first time in this Court. Whether the plea of alienage shall be allowed as against an alien friend, in an action to recover lands acquired by purchase, has not been decided by this Court. If it be allowed, it would seem that it should be pleaded by way of abatement, as in disability of the person. (Co. Lit. 129 ; Roscoe on Real Actions, 197.) But we do not intend to decide for or against the validity of the plea. It is sufficient to say that under the circumstances of this case, it cannot be considered and consequently forms no ground for the reversal of the judgment.

As to the second ground, viz : Outstanding title in a third person. The title which is attempted to be set up by defendant, as outstanding, consists of a conveyance of the property, executed by the plaintiff to Mrs. Dwyer, during the pendency of the suit. In some and perhaps most of the States such conveyance, if made even before the commencement of suit, would not have affected the right of the plaintiff to her action. The defendant is in possession and the conveyance, though by the real owner who is out of possession, would have been held void. But the fact of adverse possession by a third party, has been held by this Court in Carder v. McDermett, 12 Tex. R. 546, not to defeat the right of the lawful owner to execute a valid conveyance. The statute of 32 Henry 8th, against the sale of what are denominated pretended titles is not of force in this State, and in the present condition of our society, and with reference to its necessities and wants and the established usage of the country, on the free alienation of lands, we have not believed that either law or sound policy would require the owner to be debarred of the right of sale simply because he has been despoiled of possession. If, therefore, the conveyance to Mrs. Dwyer had been before the institution of suit, the plaintiff

could not have sustained the action. But it does not follow that if made during the pendency of suit such would be the effect. The title at the time of the demise laid or the commencement of the action is the question to be tried. If that be good the plaintiff is entitled, as a general rule, to a recovery. And if he have assigned or transfered his interest in the meantime, it would seem, on the general principles of law in relation to the effect of conveyance by either party pending the suit, that the plaintiff would still be entitled to a recovery enuring to the benefit of the vendee. On the other hand, if he did not prove a good title at the commencement of the action, his vendee would be bound by judgment for the defendant. The general rule as deduced from the authorities is expressed by Judge Story, substantially as follows: He who purchases during the pendency of a suit is held bound by the decree against the person from whom he derives title. The litigating parties are exempted from taking any notice of the title so acquired, and such purchaser need not be made a party to the suit. The rule is founded on a great public policy, otherwise alienations made during a suit might defeat its whole purpose and there would be no end to litigation. And hence arises the maxim "*pendente lite nihil innovetur,*" the effect of which is not to annul the conveyance; but only to render it subservient to the rights of the parties in the litigation. (1 Story Eq. Juris. § 405, 406; 2 Story Eq. 908; Story on Eq. Pleading, 156, 351; See also 11 Ves. 97; 2 V. & Bean, 205; 2 Atkyns, 174; 1 Tex. R. 326.)

It would be tedious to trace this doctrine through its modifications, as found in the cases. For the case before us it is sufficient to state the general rule. It is immaterial by which party the assignment is made. The effect on the purchaser is the same; and if he be bound by a decree against his vendor, he ought to have the benefit of one in his favor. A cardinal object of our code of procedure is to prevent a multiplicity of suits. This would be most signally defeated if the conveyance

to Mrs. Dwyer could be set up as an outstanding title.   The effect would be that the plaintiff could not maintain the action, on the ground that she had no title at the time of the trial ; nor could her vendee be allowed to intervene and claim a recovery, on the general rule in ejectment which excludes the plaintiff from recovery on a title acquired subsequently to the commencement of the action.   To sanction rules of this character would inflict a severe check on the right of alienation. We have held that this cannot be defeated by adverse possession, and on the like principles it ought not to be impaired by the fact of litigation.   If the result of a sale by the plaintiff must be the dismissal of his suit, which has perhaps been in progress for years, or at most a judgment only for such portion of the rents as have accrued up to the time of the sale, the adverse possession of a defendant would probably ripen into a title before a new suit by the vendee could be commenced, and then the consequence of the exercise of the right of alienation would be the loss of the property.   The principles from which would flow such consequences cannot be sound, nor can they receive the sanction of this Court.   Again, if the plaintiff have judgment for the mesne profits to the time of sale, but not for the possession, in analogy to actions for terms which expire before the trial, (1 Nott & McCord, p. 207 ; 2 Bacon, 431, Tit. EJECTMENT ; 18 Johns. R. 275,) and the vendee, on a new action, recover the possession, the defendant would be harassed with two suits instead of one and be subjected to double costs and charges, without any substantial benefit to any one, and without any other result than might have been produced by one suit.

We are of opinion that on the principle of our code of procedure, which abhors a multiplicity of suits, and on the general rule that a conveyance pending the suit should not be permitted to vary the rights of the parties, there was no error in the refusal to permit the conveyance by the plaintiff to Mrs. Dwyer, to be set up by the defendant as an outstanding title.

This can operate no injury to the defendant. The judgment for the the plaintiff will conclude her vendee, and the latter can maintain no action for the rents accruing between the sale and the judgment. The case would be different where, pending suit, the land of the plaintiff would be sold under execution. After a voluntary sale, pending suit, he would for the purposes of the suit, be regarded as the trustee of the vendee. But after an involuntary sale, the law would not impose upon him the character of the trustee for the benefit of the purchaser.

It appears from the evidence that previous to suit there had been a contract for the sale of the property. But independently of the fact that the contract was made by the husband and therefore not binding on the wife, there was the further fact that the payment of the purchase money was not made according to the stipulations of the contract, consequently the vendor would have had the right to prosecute an action to try the title, even against the vendee, had she been admitted to possession, and of course she had the right against a third possessor. The execution of the complete conveyance by the plaintiff was, it is believed, a valid confirmation of the previous contract, and for some purposes may have relation back to the inception of the contract, but it could not be permitted to overreach the valid title held by the plaintiff at the institution of the suit, so as to defeat the action. The judgment is affirmed.

Judgment affirmed.