F. SHULTZ v. F. F. SPREAIN.

(No. 879, Op. Book No. 2, p. 83.)

APPEAL from Washington County. Opinion by WALKER, A. S., J.

§ 916. *Partition; lease pendente lite.* Partition proceedings affect all contracts for lease made *pendente lite.* Lessees take subject to the rights of the parties to the suit. [Lee v. Salinas, 15 Tex. 497.]

§ 917. *Rent; to whom owing.* Rent is a yearly profit in money, etc., issuing out of, and for the use of lands [3 Kent, 460], and is owing to the owner of the reversion [3 Kent, 463], usually termed the landlord. This rule obtains as well when a part of the leased lands are sold pending the term, as where the whole is disposed of. [3 Kent, 469.] The sale of a part of the leased premises severs as to that sold the relation of landlord and tenant, as between the original lessor and the tenant. An apportionment follows as a result of the sale without further stipulation. As to that sold, the tenant owes rents to the new landlord for that owned by him. This rule is an exception to the one that contracts are not generally divisible. [3 Kent, 469, 470; Greenleaf's Cruise, Title XVIII, chap. 3, sec. 32; Bank of Penn. v. Wise, 3 Watts, 398.] Rents not due at the sale go to the owner of the reversion. A parol contract otherwise has been held inadmissible to control this legal effect of the sale of land. [Greenleaf's Cruise, id.]

§ 918. *Partition sale; what purchaser takes; rents.* In a sale for partition, made in a partition proceeding, the purchaser takes all the interests of all the cotenants in the land, the subject of such proceedings, and is entitled to the full ownership in the land, and to all future payments of rents thereon, as against all the parties to the partition suit. [Freeman on Cotenancy and Partition, § 548.]

§ 919. *Payment of rent to wrong party.* Appellant rented land of one K. pending a suit for partition of the

land, brought by the heirs of K.'s wife against K. During the term of the renting the land was sold under order of sale issued in the partition suit, and appellee became the purchaser. Afterwards appellant paid the rent due by him to K., from whom he had rented the land. *Held*, that appellee, by his purchase of the land, became entitled to the rent, and that in a suit against appellant to recover the same, appellant could not avail himself of the payment made to K.

June 2, 1880.                    Reversed and rendered.