Deborah BROWN, et al.

v.

EUROCOPTER S.A., American Eurocopter Corp., and Ampep, PLC.

No. CIV. A. G–98–529.

United States District Court, S.D. Texas, Galveston Division.

May 31, 2001.

Ted C Litton, Royston Rayzor Vickery and Williams, Houston, TX, mediator.

Francis G Fleming, Brian J Alexander, Kreindler & Kreindler, New York, NY, James Housley Furman, Byrd Davis & Eisenberg, Austin, TX, Andrew J Maloney, Kreindler & Kreindler, New York, NY, for Deborah Brown, David Nathan Brown, Christi Brown.

Kenneth H Laborde, Pulaski Gieger & Laborde, New Orleans, LA, for Wausau Ins. Co., Petroleum Helicopters Inc.

Kenneth Ross Citti, Citti & Associates, Houston, TX, for Eurocopter S.A., American Eurocopter Corporation.

Jad J Stepp, Stepp & Sullivan, Houston, TX, Kevin Troy Dossett, Preis Kraft et al., Houston, TX, Lisa J Savitt, Blank Rome et al., Washington, DC, for Ampep, PLC.

*ORDER DENYING EUROCOPTER, S.A.'S AND AMERICAN EURO-COPTER CORPORATION'S MO-TION TO DISMISS PETROLEUM HELICOPTERS, INC.'S COUNTER-CLAIM FOR FAILURE TO STATE A CLAIM*

KENT, District Judge.

This case arises from a helicopter crash in the Gulf of Mexico. Plaintiffs are the immediate family members of the pilot who died in the crash. Defendants Euro-copter, S.A. and American Eurocopter Corporation (collectively "Eurocopter Par-ties") filed a third party complaint against Petroleum Helicopters, Inc. ("PHI").

Third–Party Defendant PHI then filed a counterclaim against the Eurocopter Parties for damages resulting from the helicopter crash. Now before the Court is the Eurocopter Parties' Motion to Dismiss PHI's Counterclaim for Failure to State a Claim. For the reasons stated below, the Eurocopter Parties' Motion is **DENIED**.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (applying the standard in the context of Rule 12(b)(1)); *Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 764 (5th Cir.1996) (applying the standard in context of Rule 12(b)(6)); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994) (Rule 12(b)(6)). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *See Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

## II. ANALYSIS

In its counterclaim, Third–Party Defendant PHI counterclaims to recover the loss of value, due to the crash, to the helicopter that it purchased from the Eurocopter Parties. PHI alleges that the crash was the result of the Eurocopter Defendant's post-sale negligent acts. The Eurocopter parties argue that the claim is barred by the economic loss rule.

The Court has already ruled that maritime law applies to this dispute. *See Brown v. Eurocopter, S.A.*, 38 F.Supp.2d 515, 518 (S.D.Tex.1999). Under maritime law, there is no cause of action under either a negligence or strict-liability theory for damage that a product causes to itself. *See East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870–71, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986); *Shipco 2295, Inc. v. Avondale Shipyards, Inc.*, 825 F.2d 925, 927 (5th Cir.1987). Known as the *East River* doctrine, this rule leaves a purchaser of a self-damaging product to pursue contractual remedies, such as breach of warranty, in lieu of any tort recovery. The Eurocopter Parties argue that because PHI is suing for the loss of value to the helicopter caused by the helicopter itself, PHI has failed to state a claim upon which relief may be granted.

PHI argues in response that the *East River* doctrine does not apply to cases involving post-sale negligence, as opposed to negligence occurring prior to or at the time of sale. A conflict exists among the Courts of Appeal regarding whether the *East River* doctrine applies to a claim of post-sale negligence. The Eleventh Circuit has held that it does not. *See Miller*

*Indus. v. Caterpillar Tractor Co.*, 733 F.2d 813, 818 (11th Cir.1984).[1] The Third Circuit has held that it does. *See Sea–Land Service, Inc. v. General Electric Co.*, 134 F.3d 149, 155–56 (3rd Cir.1998). The Fifth Circuit has not decided the issue, although it has recognized its existence. *See Nicor Supply Ships Assocs. v. General Motors*, 876 F.2d 501, 504–05 (5th Cir.1989) (acknowledging a "possible exception" to the *East River* doctrine but not deciding the issue).[2]

■ This Court, faced by a question not yet addressed by the Fifth Circuit, finds that the Eleventh Circuit's position preferable to that of the Third Circuit. In *East River*, the Supreme Court reasoned that "[w]hen a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong." *East River*, 476 U.S. at 871, 106 S.Ct. at 2302. The Eleventh Circuit correctly perceived, however, that a post-sale duty to warn of defects "goes not to the quality of the product that the buyer expects from the bargain, but to the type of conduct which tort law governs as a matter of social and public policy." *Miller Indus.*, 733 F.2d at 818. In short, when it comes to post-sale failure to warn, the reasons for imposing a tort duty to warn are strong and those for leaving the party to its contractual remedies are weak. "To hold otherwise would impermissibly allow a manufacturer who is aware that it has a defective product on the market to hide behind its warranty while the buyer unknowingly uses it." *Id.*

## III. CONCLUSION

For the reasons stated above, the Court holds that the *East River* doctrine does not apply to this case involving post-sale negligence. Consequently, PHI's Counterclaim states a claim upon which relief may be granted, and hence the Eurocopter Parties' Motion to Dismiss is **DENIED.** Each party is to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**

---

1. *Miller Indus.* was decided prior to *East River*. Nevertheless, it can plausibly be held to have survived *East River* in that, almost foreseeing *East River*, it explicitly distinguished post-sale negligence. In addition, several District Courts have followed *Miller Indus.* even after *East River*. *See, e.g., McConnell v. Caterpillar Tractor Co.*, 646 F.Supp. 1520, 1526 (D.N.J.1986).

2. Prior to *East River*, the Fifth Circuit had allowed tort recovery in admiralty for injury that a product causes to itself. *See Jig the Third Corp. v. Puritan Marine Ins. Underwriters Corp.*, 519 F.2d 171, 175–76 (5th Cir. 1975). *East River* effectively overruled *Jig the Third*. *See Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 767 (5th Cir.1989); *Shipco*, 825 F.2d at 927. However, like *East River*, *Jig the Third* did not involve post-sale negligence.