# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40994
Summary Calendar

MEMORIAL HERMANN HEALTHCARE SYSTEM INC; UNITED STATES AVIATION UNDERWRITERS INC, as Managers for United States Aircraft Insurance Group

Plaintiffs - Appellants

v.

EUROCOPTER DEUTSCHLAND, GMBH

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Galveston
USDC No. 3:06-CV-438

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Memorial Hermann Healthcare Systems, Inc. ("Memorial Hermann") and United States Aviation Underwriters, Inc. ("USAU") appeal the dismissal of their post-sale negligence claim against Eurocopter Deutschland ("Eurocopter"). Memorial Hermann and USAU (collectively, "Appellants") claim that the district court erred when it refused to carve out an exception for post-sale negligence claims to Texas's economic loss rule. For the reasons below, we AFFIRM.

I.

Memorial Hermann owned and operated a Eurocopter BK 117 helicopter that it bought from the manufacturer, Eurocopter. On July 14, 2005, the helicopter's left door separated from the helicopter and struck its rotor blades. The impact severely damaged the helicopter but caused no additional harm or injuries. USAU, Memorial Hermann's insurer, purportedly paid Memorial Hermann more than $100,000 under its policy. In addition, Memorial Hermann claims that it suffered uninsured losses in excess of $100,000.

On July 5, 2006, Appellants brought suit against Eurocopter for post-sale negligence.[1] Appellants claimed that, by voluntarily issuing safety warnings and updates to its customers, Eurocopter assumed a duty to warn its customers of defects to its products. According to Appellants, Eurocopter breached this duty when it negligently failed to warn Memorial Hermann of a potential door defect even though it had prior knowledge of a similar accident involving another BK 117 helicopter.

Eurocopter subsequently moved to dismiss on two grounds: (1) Eurocopter contended that it did not have a duty to warn its customers of defects discovered after the helicopter was manufactured; and (2) Eurocopter claimed that, even if it had this duty, Texas's economic loss rule barred Appellants from recovering only economic losses. On August 23, 2007, the district court agreed with Eurocopter that Texas's economic loss rule precluded recovery and dismissed Appellants' claim.

II.

---

[1] In their complaint, Appellants seemingly pleaded various product liability and negligence claims. But when Eurocopter moved to dismiss the complaint, Appellants responded only as to their post-sale negligence claim. Therefore, in granting Eurocopter's motion to dismiss, the district court determined that Appellants pleaded only a post-sale negligence claim and ordered Appellants to amend their complaint if they wanted to assert other claims. Appellants did not amend their complaint and now appeal only the dismissal of their post-sale negligence claim.

A party's conduct may often ostensibly implicate both contractual obligations and various tort duties. Under Texas's economic loss rule, however, no duty in tort exists when plaintiffs have suffered only economic losses. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 107 (Tex. App. 2000). Therefore, in Texas, the economic loss rule bars plaintiffs from "recover[ing] economic losses resulting from a defective product based on a negligence theory." Hininger v. Case Corp., 23 F.3d 124,126 (5th Cir. 1994).

Appellants invite us to carve out an exception to Texas's economic loss rule for post-sale negligence claims. We decline this invitation. The Texas Supreme Court has unequivocally adopted a broad interpretation of the economic loss rule. According to the Texas Supreme Court, "the nature of the injury" may preclude plaintiffs from seeking relief in tort, and "[w]hen the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986). Notwithstanding this categorical language, Appellants contend that we can carve out an exception to Texas's economic loss rule for post-sale negligence claims. The gravamen of Appellants' argument is that the Texas Supreme Court has not explicitly rejected an exception to the economic loss rule for post-sale negligence claims. Therefore, Appellants claim that we are free to create this exception under the guise of making an "Erie guess" as to what we believe the Texas Supreme Court would likely do.

The problem is that, in hazarding an Erie guess, "[o]ur task is to 'attempt to predict state law, not to create or modify it.'" Hermann Holdings Ltd. v. Lucent Tech., Inc., 302 F.3d 552, 558 (5th Cir. 2002) (quoting United Parcel Serv., Inc. v. Weben Indus., 794 F.2d 1005, 1008 (5th Cir. 1998)). The practical effect of adopting an exception like the one Appellants propose is the creation of a previously nonexistent state law cause of action. Therefore, Appellants carry a heavy burden to assure us that we would not be making

law because the Texas Supreme Court would likely recognize their proposed exception. Appellants failed to carry this burden here.

"In making an Erie guess, we defer to intermediate state appellate court decisions, 'unless convinced by other persuasive data that the highest court of the state would decide otherwise.'" Hermann Holdings, 302 F.3d at 558 (quoting First Nat'l Bank of Durant v. Trans Terra Corp. Int'l, 142 F.3d 802, 809 (5th Cir. 1998)). Here, Appellants readily acknowledged that no Texas court has ever recognized an exception to the economic loss rule for post-sale negligence claims. To support their proposed exception, Appellants marshaled dicta and cases addressing the application of the economic loss rule in federal maritime cases. This "data," however, is unpersuasive because, as Appellants admitted, many courts have explicitly refused to recognize an exception to the economic loss rule for post-sale negligence claims. See, e.g., Sea-Land Serv., Inc. v. Gen. Elec. Co., 134 F.3d 149, 156 (3d Cir. 1986) (declining to recognize an exception to the economic loss rule for post-sale negligence claims in federal maritime law); Airport Rent-A-Car, Inc. v. Prevost Car, Inc., 660 So. 2d 628, 632 (Fla. 1995) (refusing to adopt an exception to Florida's economic loss rule for post-sale negligence claims). Moreover, of the three cases that recognized this exception, only one, Brown v. Eurocopter S.A., 143 F. Supp. 2d 781 (S.D. Tex. 2001), is seemingly still good law, and that case was decided by the very district court judge that

dismissed Appellants' claim here.[2] We refuse to carve out an exception to Texas's economic loss rule on the basis of this one district court case alone.

Finally, Appellants contend that we should recognize their proposed exception because it would provide consumers greater protection. This argument fails because implicit in the economic loss rule is the premise that "[t]he tort concern with safety is reduced when an injury is only to the product itself." East River, 476 U.S. at 871. In other words, the economic loss rule presupposes that consumers do not need this "special protection" in cases where only the product was damaged. See id. Because Appellants have failed to provide a meaningful difference between post-sale negligence claims and other negligence claims, we are far from convinced that the Texas Supreme Court would recognize Appellants' proposed exception.

## III.

For the reasons stated above, we AFFIRM.

---

[2] In arguing that federal courts have recognized an exception to the economic loss rule for post-sale negligence claims in maritime cases, Appellants cite the holdings in both McConnell v. Caterpillar Tractor Co., 646 F. Supp. 1520 (D.N.J. 1986), and Miller Industries v. Caterpillar Tractor Co., 733 F.2d 813 (11th Cir. 1984). Appellants are correct that both cases refused to apply the economic loss rule to post-sale negligence claims on the premise that they are distinguishable from other tort claims. Miller, 733 F.2d at 818; McConnell, 646 F. Supp. at 1526. The Third Circuit, however, rejected McConnell in Sea-Land Service, Inc. and explicitly refused to recognize an exception to the economic loss rule for post-sale negligence claims. 134 F.3d at 156.

Miller is also seemingly no longer good law. The United States Supreme Court adopted the economic loss rule in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986). Because Miller predates East River, the exception recognized in Miller Industries arguably has little force. This is particularly true in light of the fact that the Court was aware of Miller, having cited it as an example of cases where courts have refused to apply the economic loss rule. Id. at 863 n.1. If the Court had agreed with the holding in Miller, it presumably also would have distinguished post-sale negligence claims from other negligence claims. Instead, the Court formulated the economic loss rule in broad language that left no room for this distinction. Id. at 871.