Richard RODRIGUEZ, Appellant,

v.

Milton CRUTCHFIELD,
et al., Appellees.

No. 05–08–01379–CV.

Court of Appeals of Texas,
Dallas.

Nov. 24, 2009.

---

David C. Cowden, Fort Worth, TX, for Appellant.

Richard J. Byrne, Ekvall & Byrne, L.L.P., Dallas, TX, for Appellees.

Before Chief Justice WRIGHT and Justices BRIDGES and RICHTER.

## OPINION

Opinion By Chief Justice WRIGHT.

Richard Rodriguez appeals from a summary judgment rendered in favor of P & H Transportation and Milton Crutchfield. In three issues, Rodriguez contends generally the trial court erred in granting summary judgment on statute of limitations grounds because he substituted in as the real party in interest and/or his amended pleading related back to the filing of the original petition by the worker's compen-sation insurer. We overrule Rodriguez's issues and affirm the trial court's judgment.

## Background

On February 4, 2005, Rodriguez, an employee for a temporary employment agency, was working as a forklift driver at Dallas Transfer Warehouse Company. He was unloading a trailer owned by P & H Transportation and driven by its employee, Crutchfield. Rodriguez was injured when the trailer pulled away from the dock causing his forklift to fall to the ground. On February 5, 2007, ALEA North American Insurance Company, the worker's compensation insurer for Rodriguez's employer, filed suit against Milton Crutchfield and P & H Transportation. In that suit, Rodriguez was named as the nominal plaintiff. Crutchfield was never served with this lawsuit. On that same date, Rodriguez filed suit against Dallas Transfer and Terminal Warehouse. ALEA intervened in that lawsuit. The trial court granted a motion to consolidate the two cases. The trial court granted summary judgment in favor of Dallas Transfer and Terminal Warehouse. ALEA then filed a notice of nonsuit of its claims against Dallas Transfer and Terminal Warehouse and P & H Transportation. The trial court dismissed ALEA's claims against those parties.

On April 22, 2008, Rodriguez filed his first amended original petition against Crutchfield and P & H Transportation. They sought summary judgment on the ground that Rodriguez's claims were barred by the statute of limitations. The trial court granted the motion for summary judgment. This appeal timely followed.

## Rodriguez's Claims Against Crutchfield

In three issues, Rodriguez contends the trial court erred in granting summary

judgment on the ground that his claims are barred by limitations. A personal injury lawsuit is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 2009). For Rodriguez's claims, the statute of limitations ran on February 5, 2007.

ALEA timely filed a lawsuit against P & H Transportation and Crutchfield. Rodriguez was the nominal plaintiff in that lawsuit. It is undisputed that Crutchfield was not served with process in that lawsuit.

Merely filing a lawsuit is not sufficient to avoid the expiration of a statute of limitations. *See Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied). To bring suit, a plaintiff must file his action *and* have the defendant served with process. *Id.* A timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing the suit. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990); *see Boyattia,* 18 S.W.3d at 733. The duty to exercise diligence continues until service of process is achieved. *Id.* If no excuse is offered for a delay in procuring service of process, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Perry v. Kroger Stores,* 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ).

In his first amended original petition against P & H Transportation and Crutchfield, Rodriguez acknowledged that only P & H Transportation had been served. In their motion for summary judgment, Crutchfield and P & H Transportation argued that Rodriguez's amended petition was barred by limitations. As

to Crutchfield, they argued that limitations had run because he had never been served with ALEA's original petition. At that point, the burden shifted to Rodriguez to show due diligence in attempting to serve Crutchfield. In his response to the motion for summary judgment, Rodriguez states that "whether the Plaintiff exercised due diligence in insuring that Milton Crutchfield was served in this matter ... may be a question for another day." Rodriguez offered no excuse as to the delay in obtaining service of process on Crutchfield. Accordingly, we hold that limitations barred Rodriguez's claims against Crutchfield asserted more than a year after limitations had run. *See Perry,* 741 S.W.2d at 534.

### Rodriguez's Claims Against P & H Transportation

The claims asserted by ALEA against P & H Transportation, though timely filed, were dismissed with prejudice on January 30, 2008. When a case is refiled following dismissal, the statute of limitations is calculated at the date of refiling. *See Clary Corp. v. Smith,* 949 S.W.2d 452, 459 (Tex.App.-Fort Worth 1997, writ denied). Moreover, it is too late to amend the pleadings after judgment has been rendered. *Denman v. Citgo Pipeline Co.,* 123 S.W.3d 728, 735 (Tex.App.-Texarkana 2003, no pet.); *Boarder to Boarder Trucking, Inc. v. Mondi, Inc.,* 831 S.W.2d 495, 498 (Tex.App.-Corpus Christi 1992, no writ). Rodriguez's amended petition was filed after the dismissal and after limitations had run.

Rodriguez contends that he had the right to substitute in as the real party in interest. We agree. However, substitution of the real party in interest must occur prior to the disposition of a case. *See Vaughn Bldg. Corp. v. Austin Co.,* 620 S.W.2d 678, 682–83 (Tex.Civ.App.-Dallas

1981), *aff'd*, 643 S.W.2d 113 (Tex.1982). Through his amended petition, Rodriguez attempted to substitute himself as the real party in interest. However, he did so after the trial court had dismissed the case.

Rodriguez also contends that only ALEA's subrogation claim was nonsuited, not the claim for damages asserted in ALEA's petition. We have reviewed ALEA's petition contained in the record. ALEA asserted only a claim for subrogation. It did not seek damages on behalf of Rodriguez. Thus, the only claim asserted by ALEA against P & H Transportation was dismissed.

█ Further, Rodriguez contends his amended petition relates back to the filing of ALEA's original petition and, thus, is not time barred. Rodriguez relies on a supreme court case to support its argument that his amended petition relates back to the timely filed ALEA petition. *See Franks v. Sematech, Inc.*, 936 S.W.2d 959 (Tex.1997). In *Franks*, however, the employee intervened in a *pending* lawsuit. *Id.* at 960. We have held that limitations ran as to Crutchfield and that the claims against P & H Transportation asserted by ALEA were dismissed. Thus, at the time Rodriguez filed his amended petition, there was no pending lawsuit to which those claims could relate back to. For this reason, the holding in *Franks* is inapplicable to this case.

We overrule Rodriguez's issues and affirm the trial court's judgment.