

# NUMBERS 13-13-00694-CV & 13-13-00695-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THOMAS GARCIA, STEPHANIE JEFFERSON,
AND ALL OCCUPANTS,**                           **Appellants,**

**v.**

**GREEN TREE SERVICING LLC,**                            **Appellee.**

---

## On Appeal from the County Court
## of Live Oak County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellants, Thomas Garcia, Stephanie Jefferson, and all occupants, attempted to perfect appeals from two orders issued by the County Court of Live Oak County, Texas, in trial court cause number CVO-1597. The underlying proceeding is a forcible detainer action in which appellee, Green Tree Servicing LLC ("Green Tree"), was awarded

possession of property known as 762 FM 799, George West, Live Oak County, Texas 78022 by summary judgment.[1]  We dismiss the appeals for the reasons stated herein.

## I. BACKGROUND

Green Tree became the owner of the subject property following a foreclosure sale. Appellants refused to vacate the property, and Green Tree filed suit against appellants in justice of the peace court seeking possession of the property through a forcible detainer action.  Green Tree prevailed in the justice of the peace court and obtained a judgment of possession.  Appellants appealed the judgment in county court.  In that de novo proceeding, Green Tree filed a motion for summary judgment seeking immediate possession of the property.  On September 3, 2013, the county court rendered a final summary judgment, including a writ of possession, against appellants and in favor of Green Tree.

On September 27, 2013, appellants filed a motion for reconsideration and in the alternative, motion for new trial.  On October 31, 2013, appellants filed a supplemental answer including a general denial and asserting, for the first time in the proceedings, that appellants were the "owners of the subject property by adverse possession."  That same day, appellants also filed a plea to the jurisdiction and motion to dismiss.  The plea to the jurisdiction and motion to dismiss asserted that the issues of title and possession were so "intertwined" as to preclude the county court from exercising jurisdiction over the case.

On November 4, 2013, the trial court denied appellants' motion for reconsideration and in the alternative, motion for new trial.  On December 3, 2013, Garcia filed a notice

---

[1] These underlying proceedings also provided the genesis for a petition for writ of mandamus.  *See In re Garcia*, No. 13-14-00026-CV, 2014 WL 495263, at *1 (Tex. App.—Corpus Christi Feb. 3, 2014, orig. proceeding) (mem. op. per curiam) (denying mandamus relief where relators contended that "the trial court abused its discretion in striking relators' supplemental answer and affidavit raising the issue of the trial court's jurisdiction as untimely filed").

of appeal, docketed in our cause number 13-13-00694-CV, of "the ruling rendered on November 4, 2013."

On November 8, 2013, the trial court signed an order denying appellants' plea to the jurisdiction and motion to dismiss, and in that order, struck appellants' supplemental answer on grounds that it was not timely filed. On December 3, 2013, Garcia filed a notice of appeal of the "ruling rendered in November 8, 2013." This appeal is docketed in our cause number 13-13-00695-CV.

A writ of possession was executed by the Live Oak County Sheriff's Department on January 21, 2014, and possession of the property was delivered to Green Tree that same day.

On March 6, 2014, Green Tree filed a motion to dismiss both of these appeals for want of jurisdiction. Green Tree contends that both appeals should be dismissed because (1) they are untimely, (2) the appeals are moot because Green Tree is in possession of the property, and (3) appellants have failed to file a brief in either cause. More than ten days have passed, and appellants have not filed a response to the motion to dismiss.

## II. TIMELINESS OF NOTICES OF APPEAL

The final summary judgment in these causes was signed on September 3, 2013. Appellants filed a motion for new trial, so their notice of appeal was due on December 2, 2013; however, the notice of appeal was not filed until December 3, 2013, and appellants did not file a motion for extension of time.

The time for filing a notice of appeal is jurisdictional, and absent a timely-filed notice of appeal or motion for extension of time to file the notice of appeal, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for

3

extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* TEX. R. APP. P. 26.1, 26.3. Even when a motion for extension is implied, however, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Appellants' notices of appeal were untimely, and appellants did not provide any explanation for needing an extension. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.).[2] Further, to the extent that appellants purport to appeal from the order denying the motion for new trial, that order was not independently appealable. *See, e.g., In re Adams*, 416 S.W.3d 556, 560 (Tex. App.—Tyler 2013, orig. proceeding); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.— Corpus Christi 2011, pet. denied). To the extent that appellants attempt to appeal the denial of their plea to the jurisdiction, or the trial court's order striking their supplemental answer as untimely, both the plea to the jurisdiction and the supplemental answer were filed after the summary judgment had been rendered, and appellants could not amend

---

[2] In cause number 13-13-0694-CV, on February 14, 2014, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants providing a reasonable explanation for the late filing of the notice of appeal.

4

the pleadings to add new claims or parties after judgment. *Mitchell v. LaFlamme*, 60 S.W.3d 123, 132 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Cantu v. Martin*, 934 S.W.2d 859, 860–61 (Tex. App.—Corpus Christi 1996, no writ). It is too late to amend the pleadings after judgment has been rendered. *Rodriguez v. Crutchfield*, 301 S.W.3d 772, 775 (Tex. App.—Dallas 2009, no pet.); *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728, 735 (Tex. App.—Texarkana 2003, no pet.). The same is true of a pleading filed after the summary judgment hearing without leave of court; we do not consider an amended pleading filed without the trial court's permission after the summary judgment hearing. *See Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (collecting cases).

Thus, the notices of appeal in these causes were untimely. However, even if we were to determine otherwise, we would conclude, as Green Tree contends, that the appeals have been rendered moot.

### III. MOOTNESS

The forcible detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). A judgment of possession in a forcible detainer action determines the right to immediate possession and is not intended to be a final determination of whether an eviction is wrongful. *See id.* The merits of title to the subject property shall not be adjudicated in an action for forcible detainer. *See* TEX. R. CIV. P. 510.3(e); *Marshall*, 198 S.W.3d at 785; *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd). To prevail on the action, "the plaintiff is not required to prove title, but is only

5

required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). If a supersedeas bond in the amount set by the trial court is not filed, the judgment in a forcible detainer action may be enforced and a writ of possession may be executed evicting the defendant from the premises in question. *See* Tex. R. Civ. P. 510.13; Tex. Prop. Code Ann. § 24.007 (West, Westlaw through 2013 3d C.S.); *Marshall*, 198 S.W.3d at 786; *Wilhelm*, 349 S.W.3d at 768.

The failure to supersede the judgment does not divest an appellant of the right to appeal. *See Marshall*, 198 S.W.3d at 786–87. However, an appeal of a judgment in a forcible detainer action becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787; *see Wilhelm*, 349 S.W.3d at 768.

Our review of the clerks' records in these causes indicates that appellants did not file a supersedeas bond in an amount set by the trial court. The judgment has been executed, and Green Tree has obtained possession of the property under a writ of possession. Therefore, the issue becomes whether the appellants' contentions on appeal establish that they have a potentially meritorious claim of right to current, actual possession of the property. We have carefully reviewed the clerks' records in these appeals and Green Tree's motion to dismiss, and we conclude that the appellants have failed to demonstrate that they have a potentially meritorious claim of right to current, actual possession of the subject property. *See Marshall*, 198 S.W.3d at 787. The substance of the arguments raised to date relate to the alleged invalidity of the underlying foreclosure and sale; specifically, appellants allege that they have obtained title to the

6

property by adverse possession. Because the appellants' attack on the underlying foreclosure process cannot be resolved in this forcible detainer proceeding, we conclude that they have failed to assert a potentially meritorious right to possession. *See* TEX. R. CIV. P. 510.3(e); *Marshall*, 198 S.W.3d at 785; *Wilhelm*, 349 S.W.3d at 768. As a result, there is no longer a live controversy concerning possession for this Court to decide, and the appeals are moot. *See Marshall*, 198 S.W.3d at 787.

## IV. CONCLUSION

The Court, having considered Green Tree's motion to dismiss these appeals, the clerks' records, and the documents on file, is of the opinion that the motion to dismiss has merit. Accordingly, we GRANT the motion to dismiss and we DISMISS these appeals.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
10th day of April, 2014.

7