# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2020

Lyle W. Cayce
Clerk

No. 20-10378

FFGGP, Incorporated, a Delaware Corporation *as Trustee for* the Fairway Park 2775 Land Trust,

*Plaintiff—Appellant*,

*versus*

Specialized Loan Servicing, L.L.C., a Delaware Limited Liability Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-875

---

Before Owen, *Chief Judge*, and King and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff FFGGP, Incorporated ("FFGGP") appeals the district court's grant of summary judgment in favor of Defendant Specialized Loan Servicing, L.L.C. ("SLS"). We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10378

## I.

Roger D. Freeman executed a Home Equity Note and Deed of Trust (collectively "the Note") in favor of American Southwest Mortgage Corp., granting a lien ("Home Equity Lien") on a piece of real estate in Grand Prairie, Texas ("Property"). The Note subsequently was assigned to Bank of America. After Freeman passed away, his estate ("Freeman's Estate") failed to remit monthly mortgage payments due under the Note, and Bank of America sent Freeman's Estate a Notice of Default and Intent to Accelerate.

A second lien was filed against the Property by Fairway Park Homeowners Association, Inc. ("HOA") after Freeman's Estate failed to pay assessment dues ("HOA Assessment Lien"). Pursuant to the HOA Declarations and Covenants, the HOA Assessment Lien was subordinate to any mortgage lien on the Property. FFGGP alleges that it acquired the Property under the HOA Assessment Lien Deed.

Bank of America sent Freeman's Estate a Notice of Acceleration after it continued to neglect mortgage payments. Thereafter, Bank of America, along with its unnamed "successors and assigns," filed a Petition Seeking a Judicial Judgment for Foreclosure ("Foreclosure Action") against Freeman's Estate in the 96th Judicial District Court of Tarrant County ("96th JDC"). While the Foreclosure Action was pending, Bank of America assigned the Note to SLS. The state court entered a default judgment in favor of Bank of America, "or its successors or assigns in interest," ordering enforcement of the Home Equity Lien through a Foreclosure Sale ("Foreclosure Order"). Subsequently, SLS sent Freeman's Estate a second Notice of Acceleration and a Notice of Foreclosure Sale.

FFGGP then filed a separate lawsuit for declaratory relief and to quiet title against SLS in the 96th JDC to collaterally attack the default judgment from the Foreclosure Action. SLS removed the case to the Northern District

of Texas based on diversity jurisdiction. Shortly after removal, SLS foreclosed on the Home Equity Lien at a Foreclosure Sale. Through its amended pleadings, FFGGP sought a declaration that the state court issued the Foreclosure Order without subject matter jurisdiction and that the subsequent Foreclosure Sale was void.

SLS moved for summary judgment, arguing that it enforced a valid Foreclosure Order through the Foreclosure Sale as Bank of America's assignee on the Note. FFGGP responded with a cross-motion for summary judgment, arguing that the failure to explicitly substitute SLS as Bank of America's assignee during the pending Foreclosure Action divested the state court of subject matter jurisdiction to issue the Foreclosure Order, thus rendering the Foreclosure Sale void. The district court rejected FFGGP's argument and granted summary judgment in favor of SLS.

On appeal, FFGGP argues that there is no genuine issue of material fact that the state court was divested of subject matter jurisdiction over the pending Foreclosure Action when SLS was not explicitly substituted as plaintiff in Bank of America's place, thus rendering the Foreclosure Order and Sale void. In response, SLS contends that the state court never lost subject matter jurisdiction over the Foreclosure Action because SLS—Bank of America's assignee on the Note—was implicitly named as a plaintiff in the state court petition and as a party entitled to enforce the Foreclosure Order in the default judgment.

## II.

We review the motion for summary judgment *de novo*, and we apply the same standard as the district court, viewing the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Continental Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled

No. 20-10378

to judgment as a matter of law." FED. R. CIV. P. 56(a). Courts do not disfavor summary judgment, but, rather, look upon it as an important process through which parties can obtain a "just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A party asserting that there is no genuine dispute as to any material fact must support its assertion by citing to particular parts of materials in the record. FED. R. CIV. P. 56(c)(1)(A).

## III.

FFGGP acknowledges that Bank of America was the proper plaintiff to initiate the Foreclosure Action and that SLS was Bank of America's lawful assignee on the Note. The state court record confirms that SLS was always implicitly part of the Foreclosure Action, because Bank of America's "assigns" and "successors in interest" were named as plaintiffs in the petition and listed as parties entitled to enforce the Foreclosure Order in the default judgment. FFGGP contends that implicit references to SLS were insufficient for the state court to maintain subject matter jurisdiction and that Texas law required SLS to be explicitly substituted in Bank of America's place upon assignment of the Note.

"When reviewing issues of state law, federal courts look to the law of that state's highest court." *City of Alexandria v. Brown*, 740 F.3d 339, 351 (5th Cir. 2014). Absent a final decision by the Texas Supreme Court that "precisely resolves the legal issue, we must make an *Erie* guess and determine as best we can what the Supreme Court of Texas would decide." *Martinez v. Walgreen Co.*, 935 F.3d 396, 398 (5th Cir. 2019) (citation omitted). When compelled to make an *Erie* guess, federal courts "defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland,*

*GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (citations omitted). Federal courts not only look to intermediate state appellate decisions, but also to "the general rule on the issue, decisions from other jurisdictions, and general policy concerns." *Martinez*, 935 F.3d at 398 (citations omitted).

Although the Texas Supreme Court has not directly addressed the issue, Texas appellate caselaw is clear that where a plaintiff assigns its interest in a pending lawsuit to another, the assignment does not alter the parties' rights to the prejudice of the defendant, the lawsuit may be continued in the name of the original plaintiff, substitution of the assignee is not mandatory, and the court has the discretion to allow a motion to substitute. *Int'l Shelters, Inc. v. Pinehurst Inv. Corp.*, 474 S.W.2d 497, 499-500 (Tex. Civ. App. 1971), *writ dismissed* (Mar. 22, 1972); *Mitchell, Gartner & Thompson v. Young*, 135 S.W.2d 308 (Tex. Civ. App. 1939), *writ refused*; *Paxton v. First State Bank of Tatum*, 42 S.W.2d 837, 839 (Tex. Civ. App. 1931); *Ferguson-McKinney Dry Goods Co. v. Garrett*, 252 S.W. 738, 741 (Tex. Comm'n App. 1923); *Lee v. Salinas,* 15 Tex. 495, 498 (1855).

Texas appellate caselaw comports with Federal Rule of Civil Procedure 25(c), which provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Several cases from this court illustrate the policy of Rule 25(c) that the original interest holder has standing to litigate a lawsuit to final judgment and that an assignee may enforce that judgment. *Christiana Tr. v. Riddle as next friend of Riddle*, 819 F. App'x 255, 256 (5th Cir. 2020) (per curiam) (plaintiff's assignment of home equity loan to a bank while a foreclosure lawsuit was pending did not render the case moot, because "a live controversy—albeit between different parties—persisted"); *FDIC v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) ("in light of Rule 25's wholly permissive terms," a successor in interest "was not required under Rules

25(c) and (a)(3) to substitute as a transferee" to have standing to enforce a judgment); *Matter of Texas Gen.*, No. 93-2399, 1994 WL 24886, at *1 (5th Cir. Jan. 12, 1994) (concluding that it was erroneous to dismiss a claim for lack of standing due to a transfer of interest that occurred while litigation was pending); *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981) ("Rule 25(c) . . . is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.").

FFGGP cites two Texas appellate court decisions in support of its argument that a mid-suit assignment of interest divests a court of subject matter jurisdiction absent explicit substitution of the assignee. *Kingman Holdings, LLC v. Mortg. Elec. Registration Sys., Inc.*, 2016 WL 8115937 (Tex. App. Oct. 27, 2016); *Mortg. Elec. Registration Sys., Inc. v. Disanti*, 2011 WL 255815 (Tex. App. Jan. 27, 2011). However, neither case addressed a mid-suit assignment of interest, as both cases involved lawsuits filed after the assignment occurred and a lack of subject matter jurisdiction at the commencement of the lawsuit. *Kingman Holdings*, 2016 WL 8115937, at *5–7; *Mortg. Elec. Registration Sys.*, 2011 WL 255815, at *2. The present case is distinguishable, because it is undisputed that subject matter jurisdiction was present when Bank of America filed the Foreclosure Action. FFGGP also cites a case where a Texas appellate court held that an employee allegedly injured on the job did not have a right to substitute himself as the real party in interest in a workers' compensation insurer's action after the action had already been dismissed and that his substitution was required to occur before disposition of the action. *Rodriguez v. Crutchfield*, 301 S.W.3d 772, 775 (Tex. App. 2009). However, unlike the present matter, *Rodriguez* did not involve a mid-suit assignment of a single interest, because the workers' compensation insurer asserted its own claim for subrogation, and the employee attempted to assert his own claim for damages. *Id*. at 776.

No. 20-10378

Based on the lack of a Texas Supreme Court decision precisely resolving the issue, deference to Texas appellate caselaw, and consideration of this court's decisions interpreting Rule 25(c)'s policies, this court makes a confident *Erie* guess that the Texas Supreme Court would have concluded that explicit substitution of SLS as plaintiff in the Foreclosure Action was not required and that subject matter jurisdiction was present throughout the lawsuit. Thus, there is no genuine issue of material fact that the Foreclosure Order was validly issued by the state court and validly enforced by SLS through the Foreclosure Sale as Bank of America's lawful assignee on the Note.

IV.

For the foregoing reasons, the judgment is AFFIRMED.