**Affirmed and Memorandum Opinion filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00428-CV

---

## ANTHONY WELCH D/B/A SUPERIOR CONSULTING GROUP, Appellant

## V.

## BEST IN CLASS REAL ESTATE INVESTMENTS LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1193380**

---

## M E M O R A N D U M   O P I N I O N

In this forcible detainer case, appellant Anthony Welch d/b/a Superior Consulting Group ("Welch") argues that his appeal from the county court's judgment is moot because during the pendency of this appeal the property whose possession is at issue was sold. Welch contends that no justiciable controversy regarding possession of the property exists between the parties and that any judgment would be ineffectual. In his opening brief, Welch does not challenge the merits of the county court's judgment. Concluding that this appeal is not moot, we affirm the county court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2021 FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC ("Morgan Stanley") purchased the real property located at 18814 Cove Vista Lane, Cypress, Texas 77433 (the "Property") at a foreclosure sale. In January 2022 Morgan Stanley filed a forcible detainer action in the justice of the peace court against all occupants of the Property seeking possession of the Property. Welch, acting pro se, filed an answer. The justice court rendered a final judgment that Morgan Stanley have possession of the Property. The defendants in the justice court timely appealed to the County Civil Court at Law No. 3 of Harris County, Texas (the "county court") for a trial de novo. Welch, again acting pro se, filed an answer in the county court. Morgan Stanley filed a motion for summary judgment, and Welch responded in opposition. The county court rendered a final judgment granting Morgan Stanley's summary-judgment motion and ordering that Morgan Stanley have possession of the Property (the "Judgment"). On June 15, 2023, Welch, acting pro se, timely perfected this appeal from the Judgment. Welch superseded the Judgment, and it is undisputed that he is in possession of the Property.

On September 12, 2023, Morgan Stanley signed a "Special/Limited Warranty Deed" that conveyed all of Morgan Stanley's interest in the Property to Best in Class Real Estate Investments LLC ("Best in Class"). Sixteen days later that deed was filed in the Harris County real property records. Morgan Stanley also signed an instrument in which it assigned to Best in Class the Judgment and all right, title, interest, claim, and demand therein, with full authority of Best in Class to execute on the Judgment and undertake all other legal processes necessary to enforce the Judgment.

In his opening appellate brief Welch named Morgan Stanley as the appellee

and asserted that this appeal is moot and that this court should set aside or vacate the Judgment and dismiss the appeal as moot, based on Morgan Stanley's sale of the Property and conveyance of Morgan Stanley's interest in the Property to Best in Class.

Morgan Stanley filed a motion under Texas Rule of Appellate Procedure 7.1(b)[1] asking this court to allow Best in Class to substitute in for Morgan Stanley as the appellee. This court granted the motion. Best in Class then filed the appellee's brief in this case, and Welch filed a reply brief.

## II. ANALYSIS

### A. Is this appeal moot?

In his two appellate issues, Welch argues that this court lacks appellate jurisdiction because the appeal is moot in light of Morgan Stanley's sale of the Property to Best in Class.[2] Welch contends that no justiciable controversy regarding possession of the Property exists between the parties and that any judgment would be ineffectual. In his opening brief, Welch only raised the mootness issues and did not challenge the merits of the Judgment. Welch asserts that because this appeal is moot this court should set aside or vacate the Judgment and dismiss this appeal.

Appellate courts are not to decide moot controversies. *Nat'l Collegiate*

---

[1] Texas Rule of Appellate Procedure 7.1 (b) provides that "[i]f substitution of a party in the appellate court is necessary for a reason other than death, the appellate court may order substitution on any party's motion at any time." Tex. R. App. P. 7.1(b).

[2] We liberally construe briefs and other filings submitted by pro se parties, and we hold pro se parties to the same standards as licensed attorneys, requiring them to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Rogers v. City of Houston*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

*Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This rule is based on constitutional prohibitions against rendering advisory opinions. *See id.*; *see also Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A case becomes moot if there ceases to be an actual controversy between the parties at any stage of the litigation. *Jones*, 1 S.W.3d at 86; *see Robinson v. Alief I.S.D.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). If a judgment can have no practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion. *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A case becomes moot if, during the appeal, either of the opposing sides of the litigation ceases to have a legally cognizable interest in the outcome of the appeal. *See Jones*, 1 S.W.3d at 87.

In this forcible detainer action the only issue is who is entitled to possession of the Property. *See Cao v. MTGLQ Investors, LP*, No. 14-22-00820-CV, 2023 WL 3642009, at *1 (Tex. App.—Houston [14th Dist.] May 23, 2023, no pet.). The county court determined that Morgan Stanley was entitled to possession of the Property. While this appeal was pending Morgan Stanley sold the Property to Best in Class and assigned all of its right, title, and interest in the Judgment to Best in Class. Best in Class is now the appellee in this case, and it has filed a brief arguing that this appeal is not moot and that this court should affirm the Judgment.

It is a well-settled rule that, if the interest of either party to a suit is purchased by a third party after commencement of the suit, the purchaser stands in the shoes of the seller, and the sale does not affect the progress or determination of the litigation. *See Smith v. Olsen*, 46 S.W. 631, 632 (Tex. 1898); *Lee v. Salinas*,15 Tex. 495, 496 (Tex. 1855). Such a sale does not make the case moot. *See Smith*, 46 S.W. at 632; *Lee*, 15 Tex. at 496; *City Nat'l Bank of Houston v. Moody*, 115

4

S.W.2d 745, 749–50 (Tex. Civ. App.—Galveston 1938, writ dism'd). If a litigant who has sold his interest to a third party succeeds in the litigation, the judgment inures to the benefit of the purchaser. *See Smith*, 46 S.W. at 632; *Lee*, 15 Tex. at 496. The lawsuit may be continued in the name of the seller, or the court may exercise its discretion to allow the purchaser to be substituted in as a party in place of the seller. *See Texas Machinery & Equip. Co. v. Gordon Knox Oil & Explor. Co.*, 442 S.W.2d 315, 316–17 (Tex. 1969); *Lee*, 15 Tex. at 496. In today's case, this court exercised its discretion to allow Best in Class to be substituted in as a party in place of Morgan Stanley. An actual, justiciable controversy exists between Welch and Best in Class and each party has a legally cognizable interest in the outcome of this appeal. *See Jones*, 1 S.W.3d at 86–88. A judgment from this court will have a practical effect on this existing controversy. *See In the Interest of C.C.E.*, 530 S.W.3d 314, 318–19 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We conclude that this appeal is not moot. *See Smith*, 46 S.W. at 632; *Lee*, 15 Tex. at 496; *City Nat'l Bank of Houston*, 115 S.W.2d at 749–50. Therefore we overrule Welch's two appellate issues.

**B. May Welch raise new appellate arguments in his reply brief?**

In his opening brief, Welch only raised the mootness issues and did not challenge the merits of the Judgment. In his reply brief Welch asserts two "Additional Issues Presented," in which he asserts that the county court erred in granting the summary-judgment motion and in failing to rule on Welch's objections to the summary-judgment evidence before granting summary judgment. In the reply brief Welch presents arguments in support of these issues. We overrule these two additional issues and the arguments under them because they were raised for the first time in a reply brief. *See Williams v. Jimglo Yellowstone, LLC*, No. 14-21-00375-CV, 2022 WL 4354114, at *3 (Tex. App.—Houston [14th Dist.]

5

Sept. 20, 2022, no pet.) (mem. op.).

### III. CONCLUSION

This appeal is not moot. In his opening brief Welch only makes mootness arguments; he does not challenge the merits of the Judgment. Therefore, we affirm the Judgment.

/s/    Randy Wilson
Justice

Panel consists of Justices Hassan, Poissant, and Wilson.